# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD O'DONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-00596-RWS |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, MISSOURI BOARD OF PROBATION AND PAROLE, JANET SCHNEIDER, JOHN D'LLESSANDRO, OLIVIA WINSTON, JENNIFER ROSS and DOUG HOLMES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Richard O'Donnell (Registration No. 193645) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint on April 14, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $5.67, and an average monthly account balance of $1.25. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.13, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, an inmate at Tipton Correctional Center, seeks relief in this § 1983 action against Defendants Missouri Department of Corrections, Missouri Board of Probation and Parole, Janet Schneider, John D'Llesandro, Olivia Winston, Jennifer Ross and Doug Holmes. Plaintiff alleges that the conduct of such defendants resulted in his parole revocation and violated his constitutional rights. Specifically, plaintiff alleges that he absconded from the St. Louis Community Release Center because defendants were not giving him credit for money he paid for board. He asserts that, because receipts for the money he paid were found later, his parole violation should be null and void. Plaintiff seeks declaratory and monetary relief for the alleged violation of his constitutional rights.

**Discussion**

The Court finds that, pursuant to the *Heck* rule, plaintiff cannot bring a § 1983 action challenging his parole revocation. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court was confronted with the question of whether a state prisoner could challenge the constitutionality of his conviction in a suit for damages under § 1983. 512 U.S. at 478. The Court held that plaintiff Heck's § 1983 action for damages was not cognizable. *Id.* at 490. The Court stated, "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The Court further directed that, when reviewing a state prisoner's § 1983 complaint for damages, this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of

3

his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Thus, to comply with the *Heck* rule, a prisoner, as a condition precedent to maintaining his § 1983 action, must establish that his conviction or sentence has been overturned or invalidated by an administrative board, or by a state or federal court in a habeas proceeding. Alternatively, if his suit is not explicitly directed at an unlawful conviction or sentence, the prisoner must establish that the suit does not "necessarily imply the invalidity of his conviction or sentence."

Plaintiff seeks damages under § 1983 for deprivation of his constitutional rights based on the alleged conduct that led to his absconding and resulted in the revocation of his parole and reincarceration. The linchpin of and basis for his damages claims is the parole revocation. Because a judgment in plaintiff's favor would "necessarily imply the invalidity" of his revocation proceeding and because the revocation itself has not been reversed, expunged, invalidated or called into question by either an executive order or a state or federal tribunal, a § 1983 action is not cognizable at this juncture. *Heck*, 512 U.S. at 486-87; *see also White v. Gittens*, 121 F.3d 803 (1st Cir.1997) (barring § 1983 claim for damages and declaratory relief regarding state decision to revoke parole); *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir.1997) (prohibiting § 1983 damage action challenging state parole ineligibility decision).

Plaintiff claims no injury distinct from his parole revocation. The specific overt acts alleged which "caused" him to abscond and which resulted in the alleged violation of his constitutional rights revolve around and arise out of the validity of the revocation. If plaintiff obtained a favorable decision in the case at hand, it would necessarily call into question the validity of his revocation and recommitment. *Heck*, 512 U.S. at 487. Since plaintiff has not demonstrated that the revocation has

4

been invalidated, he cannot recover damages for the actions of those who allegedly brought about the revocation. Accordingly, this action must be dismissed because it is legally frivolous or fails to state a claim upon which relief may be granted or both.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.13.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 15th day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**